The Chief Justice
delivered the opinion of the court.
This was an ejectment, on the trial of which the lessor of the plaintiff, in support of his title, produced in evidence a grant from the commonwealth to John Edwards, bearing date the 10th of December, 1785, for 7000 acres of land, and a deed from Edwards to himself, bearing date the 3d of July, 1815, for one half of said tract, including the land in controversy. He also proved, by parol testimony, the contents of a bond for a moiety of said 7000 acres, executed by Edwards to Robert Johnson some time prior to 1797, and the assignment of the bond by Johnson to himself, having previously, by his own affidavit and other testimony, proved the loss of the bond. To the admission of his affidavit, and to the sufficiency of that and the other testimony in regard to the loss of the bond, to authorise parol proof of its contents, the defendants objected; but their objection was overruled, and they excepted.
On their part the defendants produced from the office of the district court of the United States for the district of Kentucky, copies of a commission of bankruptcy against Edwards, and of an assignment of his estate by the commissioners to assignees, bearing date the 13th of January, 1804, together with the copies of other proceedings had in relation thereto, in virtue of the act of congress establishing an uniform system of bankruptcy. This being all the evidence, the defendants moved the court to instruct the jury that the deed of assignment from the commissioners to the assignees, transferred the title of the 7000 acres of land from Edwards to the assignees, and that there was no legal title in Edwards at the time he executed his deed of conveyance to the lessor of the plaintiff; but the court overruled the motion, and the defendants excepted, and a verdict and judgment having been given against them, they have appealed to this court.
The circuit court, we think, decided correctly in admitting the affidavit of the lessor of the plaintiff; and we have no doubt that his affidavit and the other evidence proving that due and diligent search had been made for the bond, and that it could not be found, was sufficient evidence of the loss to let in parol proof of its contents.
Whether the assignment of the commissioners would *116 have vested the legal title of the 7000 acres in the assignees, if the bankruptcy of Edwards had been sufficiently established, is a question about which there is reason for considerable doubt; but it is one which we do not deem material to be decided, inasmuch as we conceive that his bankruptcy is not established by the requisite proof. To establish his bankruptcy, the production of the proceedings against him as a bankrupt was not alone sufficient Proof of his being a trader, of the act of bankruptcy, and of the petitioning creditors debt was also necessary. The doctrine that such proof is in general necessary, is settled by a long series decisions in England upon the statutes of that country in relation to bankrupts, containing provisions analagous to those of the act of congress; and the doctrine is evidently founded in reason and good sense. The act of congress has made some exceptions to the general doctrine. Thus the 34th section makes the certificate of the bankrupt’s discharge prima facie evidence of his bankruptcy when sued for any debt which might have been proved under the commission; and the 56th section makes the commission and the assignment of the commissioner conclusive evidence of the issuing the commission, and of the person named therein being a trader and a bankrupt, in all cases where the assignees shall sue any debtors of the bankrupt. But these provisions do not embrace the present case; and instead of weakening they sanction the general doctrine. The 51st section of the act of congress, which was contented in the argument to have dispensed with the necessity of any other proof than the copies of the proceedings against the bankrupt, certainly cannot, upon any rational principle, be construed to have that effect. That section provides that the proceedings shall be filed in the clerk’s office of the district, and makes certified copies thereof evidence in all courts in like manner as copies of the proceedings of the district court are in other cases. The manifest object of this provision is, to make the copies evidence instead of the originals, and of course they can only be evidence of that of which the originals, if produced, would be evidence.
To establish the fact of bankruptcy in a suit brought by a purchaser from a bankrupt, the proceedings against the bankrupt is not alone sufficient; evidence of his being a trader, of the act of bankruptcy, and of the petitioning creditors debt, is also necessary to appear.
The certificate of the bankrupt's discharge is prima facie evidence of his bankruptcy when sued for a debt which could have been proved under the commission.
The commission and assignment is conclusive evidence of bankruptcy and his having been a trader, when the assignees sue for a, debt due to him.
Bibb for appellants, Hardin and Talbot for appellee.
There being, therefore, no sufficient proof to establish the bankruptcy of Edwards, the circuit court was correct in refusing to give the instruction asked by the defendant in that court.—Judgment must be affirmed with costs.